```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                            :
RODDY PROPHET,                              :       CASE NO. 1:17-cv-902
                                            :
        Plaintiff,                          :
                                            :
    vs.                                     :       OPINION & ORDER
                                            :       [Resolving Doc. 33]
CUYAHOGA COUNTY, et al.,                    :
                                            :
        Defendants.                         :
                                            :
------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Roddy Prophet seeks leave from this Court to amend his complaint for the second time.[1] In this § 1983 case, Plaintiff Prophet seeks to add as defendants former and current Northcoast Behavioral Healthcare employees, Dr. Zinovi Goubar, Dr. A. Adityanjee, and Elizabeth Tady ("Northcoast employees").[2] Plaintiff also seeks to dismiss Defendant Dr. Muhammad Momen.[3] Defendant Dr. Momen opposes amendment to add the additional defendants.[4]

For the following reasons, the Court **GRANTS** Plaintiff leave to amend the complaint.

## I. LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleading with the Court's leave.[5] "Ordinarily, leave to amend a complaint or other pleading shall be freely granted 'when justice so requires.'"[6]

---

[1] Doc. 33. Plaintiff filed his first amended complaint on May 15, 2017. Doc. 4.
[2] Doc. 33 at 1.
[3] *Id.*
[4] Doc. 34. Plaintiff replies. Doc. 35.
[5] Fed. R. Civ. P. 15(a)(2).
[6] *Murphy v. Grenier*, 406 F. App'x. 972, 977 (6th Cir. 2011) (citation omitted).

Case No. 1:17-cv-902
Gwin, J.

The decision to grant or deny leave to amend "is within the discretion of the District Court."[7] In exercising its discretion, a trial court *may* consider such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing parties by virtue of allowance of the amendment, [and] futility of amendment."[8]

Ultimately, however, a district court's discretion is "limited by Fed. R. Civ. P. 15(a)'s liberal policy of permitting amendments to ensure the determination of claims on their merits."[9]

## II. DISCUSSION

**A. Adding Northcoast Employees**

In exercising its broad discretion, the Court grants Plaintiff leave to amend the complaint to add the Northcoast employees.

Defendant Dr. Momen argues that amendment to add other Northcoast employees is futile.[10] He argues that a § 1983 claim against these employees is barred by the statute of limitations, qualified immunity, and state immunities.[11] He also argues that the Northcoast employees are not liable because they acted pursuant to a court order.[12]

The Court finds that it can better address these merits-based arguments in a motion to dismiss. "The trial court has the discretion to grant a party leave to amend a complaint, even where the amended pleading might ultimately be dismissed."[13] To allow Plaintiff's claims against the Northcoast employees to be considered on the merits, the Court, within its discretion, will permit amendment to add these parties.

---

[7] *Foman v. Davis*, 371 U.S. 178, 182 (1962).
[8] *Id.*
[9] *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987).
[10] Doc. 34.
[11] *Id.* at 1-9.
[12] *Id.* at 9-10.
[13] *Grant v. Target Corp.*, 281 F.R.D. 299, 303 (S.D. Ohio 2012) (quoting *Morse/Diesel, Inc. v. Fidelity & Deposit Co. of Md.*, 715 F. Supp. 578, 581 (S.D.N.Y. 1989)).

Case No. 1:17-cv-902
Gwin, J.

To relieve any burden caused by permitting such amendment, the Court will extend the dispositive motion deadlines by thirty days.

**B. Dismissing Defendant Dr. Momen**

Defendant Dr. Momen does not oppose his dismissal from the complaint.[14] Accordingly, the Court grants Plaintiff leave to amend the complaint to dismiss Dr. Momen. Plaintiff, however, must also voluntarily dismiss Dr. Momen pursuant to Federal Rule of Civil Procedure 41(a).

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for leave to amend the complaint. The Court **ORDERS** dispositive motions to be filed by February 28, 2018, with response due March 14, 2018 and reply due March 21, 2018. The Court further **ORDERS** Plaintiff, within fourteen days of this Order, to voluntarily dismiss Defendant Dr. Momen, pursuant to Federal Rule of Civil Procedure 41(a).

IT IS SO ORDERED

Dated: December 8, 2017            *s/    James S. Gwin*
                                    JAMES S. GWIN
                                    UNITED STATES DISTRICT JUDGE

---

[14] *See* Doc. 34 at 3 n.1.