UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------
:
RODDY PROPHET,                          :    CASE NO. 1:17-cv-902
                                        :
        Plaintiff,                :
                                        :
   vs.                              :    OPINION & ORDER
                                        :    [Resolving Doc. 52]
CUYAHOGA COUNTY, *et al.*,              :
                                        :
        Defendants.               :
                                        :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Roddy Prophet seeks (1) an order requiring disclosure of records and communications concerning the medical treatment of Defendant Aurelius Hill and (2) an order requiring the testimony of Northcoast Behavioral Healthcare ("Northcoast") and Cuyahoga County physicians involved in Defendant Hill's treatment.[1]

The Northcoast Defendants[2] and Cuyahoga County Defendants[3] do not oppose Plaintiff's motion.[4] But Defendant Hill has not consented to the release of his medical records.[5]

The Health Information Portability and Accountability Act of 1996 (HIPAA) permits disclosures of a patient's protected health information in certain circumstances without the patient's written authorization or the opportunity for the patient to agree or object.[6] One of these circumstances is for the purposes of judicial proceedings "[i]n response to an order of a court

---

[1] Doc. 52.
[2] The Northcoast Defendants are Elizabeth Tady, Dr. Zinovi Goubar, and Dr. A. Adityanjee.
[3] The Cuyahoga County Defendants are Cuyahoga County, Ken Mills, Ronald Shobert, Kenneth Kochevar, Victor McArthur, Eric Ivey, and Freddie Ballard.
[4] Doc. 55.
[5] Doc. 52 at 2.
[6] 45 C.F.R. § 164.512.

. . . , provided that the covered entity discloses only the protected health information expressly authorized by such order."[7]

No other statute, constitutional right, or privilege seemingly bars disclosure of the medical records and communications concerning Hill's medical treatment. The Sixth Circuit has held that the release of medical records does not implicate a fundamental constitutional right.[8] Furthermore, no physician-patient privilege applies here because federal privilege law does not recognize that privilege.[9] And federal privilege law governs this federal case involving a Section 1983 claim.[10]

Moreover, testimony about, and medical records and communications concerning, Hill's medical and mental health and treatment is relevant to this case. Plaintiff's Section 1983 case is based on allegations that actions or inaction by the Northcoast Defendants and Cuyahoga County Defendants permitted a mentally unstable Hill to attack and injure Plaintiff.[11]

Accordingly, the Court **ORDERS** disclosure of any of Aurelius Hill's medical records, including physician and psychiatric observations and communications, in possession of Northcoast Behavioral Healthcare, dating from June 19, 2014 through February 27, 2015, and in possession of Cuyahoga County Corrections Center, dating from February 27, 2015 through May 1, 2015.

The Court also **ORDERS** any Northcoast and Cuyahoga County physicians or psychiatrists involved in Mr. Hill's medical and mental treatment between June 19, 2014 and May 1, 2015 to testify about their medical or mental treatment of Hill.

However, disclosure of (1) Hill's medical records, including physician and psychiatric observations and communications, and (2) testimony about Hill's medical treatment, including

---

[7] *Id.* § 164.512(e).
[8] *See, e.g.*, *Summe v. Kenton County Clerk's Office*, 604 F.3d 257, 270-71 (6th Cir. 2010) (assuming *arguendo* that the information constituted a medical record, its release did not violate a constitutional right to informational privacy).
[9] *See Hancock v. Dodson*, 958 F.2d 1367, 1373 (6th Cir. 1992).
[10] *Id.* at 1372-73 ("Since the instant case is a federal question case by virtue of the appellant's section 1983 claim, we hold that the existence of pendent state law claims does not relieve us of our obligation to apply the federal law of privilege.").
[11] *See* Doc. 38.

mental health treatment (collectively, "Hill's medical information") is subject to the following conditions:

1. Hill's medical information must only be disclosed to the parties' respective attorneys for the purposes of this litigation, with the exception of disclosure to potential expert witnesses for purposes of this litigation. Otherwise, the parties' respective attorneys are prohibited from disclosing Hill's medical information with anyone (including the parties themselves) for any other purpose, without prior court approval.

2. Before any of the parties' respective attorneys disclose any of Hill's medical information to potential expert witnesses for the purposes of this litigation, the potential expert witnesses must provide written acknowledgement that they understand their duty not to disclose Hill's medical information to anyone without prior court approval.

IT IS SO ORDERED

Dated: February 13, 2018                     *s/      James S. Gwin*
                                             JAMES S. GWIN
                                             UNITED STATES DISTRICT JUDGE